**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 08-2925

———————————

EMERSON ALEXANDER VELA-AREVALO,
                                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

———————————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A200 117 711)
Immigration Judge: Annie S. Garcy

———————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 16, 2009

Before: AMBRO, FISHER and JORDAN, Circuit Judges

(Opinion filed: November 2, 2010)

———————————

OPINION

———————————

PER CURIAM

    Petitioner Emerson Alexander Vela-Arevalo, a citizen of El Salvador, seeks

review of a final order issued by the Board of Immigration Appeals ("BIA"). For the

reasons that follow, we will deny the petition for review.

Vela-Arevalo entered the United States without being admitted or paroled. He conceded removability but applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). At the hearing on his claims before the Immigration Judge ("IJ"), Vela-Arevalo testified that he feared returning to El Salvador because of his fear of the Mara Salvatrucha gang. He testified that he stopped attending Jehovah's Witnesses religious services because gang members began following him and wanted him to join their gang. On occasion, the gang mugged him and took money and clothing from him, though they also robbed others who were not Jehovah's Witnesses. Vela-Arevalo stated that he left El Salvador on September 17, 2005, following an incident on July 25, 2005, during which several of his friends were shot by Mara Salvatrucha members. He and other friends were near the scene and ran to assist them. A few days later, he heard that some of the Mara Salvatrucha were making inquiries about the incident, and Vela-Arevalo was afraid they would harm him for his having witnessed the shootings. He continued to live at his home with his grandparents and his sister, without incident, until his departure for the United States. He also testified that he had a general fear of another gang, the "18," because of their criminal activities.

The IJ found that Vela-Arevalo had not established that any persecution had occurred, either as a result of his having witnessed the murders of his friends or on account of the gang recruitment efforts. As to the latter finding, the IJ found that Vela-Arevalo failed to connect the recruitment efforts to any protected ground of race,

2

religion, nationality, membership in a particular social group, or political opinion, noting that there was no evidence that the gangs were motivated by his being a Jehovah's Witness. The IJ also determined that Vela-Arevalo had not met his burden of proof on his future persecution or CAT claims. Accordingly, the IJ denied Vela-Arevalo's applications for relief and ordered his removal to El Salvador.

Vela-Arevalo filed a notice of appeal and stated the reasons for the appeal, in full, as follows:

1) Immigration Judge was capricious and arbitrary.

2) Immigration Judge did not entertain the respondent's claim of religious persecution, however, respondent does qualify under one of the enumerated categories for asylum specifically, under a social group. Respondent was persecuted by the gangs because of his religious affiliation and also for recruitment.

3) Respondent was denied due process of law.

A.R. 43 (uppercase typeface omitted). Vela-Arevalo failed to file a timely brief to the BIA, and the BIA rejected counsel's motion to accept the untimely brief. The BIA dismissed the appeal, noting its agreement with the IJ's conclusions that Vela-Arevalo had not established past persecution or a well-founded fear of future persecution on account of any protected ground. In the absence of a timely brief from Vela-Arevalo, the BIA discussed the issues as raised in the notice of appeal. Specifically, the BIA rejected the argument that the IJ failed to consider Vela-Arevalo's religious persecution claim, finding that the IJ did discuss Vela-Arevalo's testimony concerning his religion but noted

3

that there were no allegations that the gang's actions were motivated by Vela-Arevalo's religion. Also, the BIA addressed Vela-Arevalo's claim that he is a member of a particular social group but noted that the definition of that group is unclear from the notice of appeal. Further, the BIA stated that to the extent that the proposed group may be persons suffering persecution by gangs on the basis of religion and for recruitment, the group must exist independently of the alleged persecution, and, in any event, the notice of appeal made no showing as to how any proposed group constitutes a particular social group for asylum purposes. Moreover, the BIA noted that because Vela-Arevalo did not meet his burden of proof for asylum, he also did not meet the higher standard regarding withholding of removal. Finally, the BIA observed that Vela-Arevalo made no argument on his CAT claim.

Vela-Arevalo timely filed a petition for review in this Court. We have jurisdiction under 8 U.S.C. § 1252(a). Though much of Vela-Arevalo's brief focuses on the IJ's decision, "[w]here, as here, the BIA issues a decision on the merits and not simply a summary affirmance, we review the BIA's, and not the IJ's, decision." Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir. 2006).

We must first consider which of Vela-Arevalo's claims are properly before this Court for review. At the outset, we note that Vela-Arevalo's brief in this Court does not challenge the agency's determination regarding his religious persecution claim, so we deem the issue waived and will not address it. See Lie v. Ashcroft, 396 F.3d 530, 532 n.1

4

(3d Cir. 2005).[1]  Further, a petitioner must "raise and exhaust his . . . remedies as to each claim or ground for relief if he . . . is to preserve the right of judicial review of that claim."  Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003); 8 U.S.C. § 1252(d)(1) (court may review final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right").

Vela-Arevalo argues that he qualifies for asylum relief on the basis of his imputed membership in the 18th Street gang and as a witness to the murders.  However, these arguments were not raised to the BIA.  Cf. Hoxha v. Holder, 559 F.3d 157, 163 (3d Cir. 2009) (finding issue exhausted where alien had clearly identified issue in his notice of appeal to BIA).  Also, Vela-Arevalo presents an argument concerning his CAT claim, but this argument is similarly absent from his notice of appeal to the BIA.  Accordingly, we do not review these unexhausted claims.

We now turn to Vela-Arevalo's argument, as raised before the BIA, that he was persecuted by the gangs because of "recruitment."[2]  He appears to challenge the BIA's rejection of his claim and now argues that he is a member of the particular social group of young Salvadoran men who are targeted for gang recruitment in El Salvador.  See

---

[1] We add that Vela-Arevalo's brief to this Court does not challenge the BIA's rejection of his untimely brief or expound on the alleged arbitrary and capricious nature of the IJ's decision or the due process claim submitted in the notice of appeal to the BIA.  To the extent that these are distinct issues from those argued in Vela-Arevalo's brief to this Court, we do not address them.

[2] He does not pursue the argument that he was persecuted by the gangs because of his religion.

Petr's Br. at 16-18.  Yet in his notice of appeal, Vela-Arevalo made no attempt to define the parameters of the asserted social group, and thus the belated, unexhausted claim is not before us.[3]  We discern no error in the BIA's determination that the notice of appeal made no showing concerning any proposed group being cognizable as a particular social group for asylum purposes.

We will deny the petition for review.

---

[3] We acknowledge our decision in Valdiviezo-Galdamez v. Attorney General, 502 F.3d 285 (3d Cir. 2007), where we remanded for the agency's determination of whether the group identified in that case–young men who have been actively recruited by criminal gangs and who have refused to join the gangs–constituted a "particular social group" for purposes of asylum or withholding of removal.  We observed that the petitioner's group shared the characteristics of other groups that the BIA has found to constitute a "particular social group," defined by a shared immutable characteristic that group members "either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences."  Id. at 291 (quoting Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993); Matter of Acosta, 19 I. & N. Dec. 211, 233 (BIA 1985)).  In Vela-Arevalo's case, however, he did not present argument to the BIA to define his membership in a proposed social group in such a manner as to permit the BIA's review, and later, our review, of the same.